IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SOFTMED SYSTEMS, INC., a Maryland corporation,<br><br>Defendant. | Civil Action No. 5:06CV252<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

For its Complaint, plaintiff Nuance Communications, Inc. ("Nuance") avers as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement. Nuance alleges that defendant SoftMed Systems, Inc. ("SoftMed") infringes Nuance's United States Patent Nos. 5,179,627 and 5,513,905 (the "Patents-In-Suit") by making, using, offering for sale and contributing to and/or inducing others to make, use, sell or offer to sell products and services claimed by the Patents-In-Suit.

**PARTIES**

2. Nuance is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in Burlington, Massachusetts. Nuance is engaged in the business of designing, developing and providing speech and imaging products and related services.

3. Nuance is informed and believes that defendant SoftMed is a corporation organized and existing under the laws of the State of Maryland and has its principal place of business in Silver Spring, Maryland.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1338(a).

5. Venue lies within this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## FIRST CLAIM FOR RELIEF
### (Infringement of the '627 Patent)

6. Nuance is the owner of record of United States Patent No. 5,179,627 ("the '627 Patent") entitled "Digital Dictation System" with full rights in and to the claims and causes of action involved in this suit. The United States Patent and Trademark Office duly and legally issued the '627 Patent on January 12, 1993. Exhibit A to this complaint is a true and correct copy of the '627 Patent.

7. SoftMed has been and is infringing the '627 Patent by making, using, selling and/or offering for sale in the United States, and by contributing to and/or inducing others to make, use, sell and/or offer for sale in the United States, without license from Nuance, products or services that practice the invention claimed in the '627 Patent. These products or services include, *inter alia*, systems for handling voice messages.

8. Nuance is informed and believes, and based thereon avers, that SoftMed will continue to infringe, contribute to and/or induce others to infringe, the '627 Patent unless enjoined by this Court.

9. As a direct and proximate result of SoftMed's infringement of the '627 Patent, Nuance has been and continues to be damaged in an amount yet to be determined.

10. By reason of the above acts, SoftMed has caused and is causing, and unless enjoined and restrained by this Court, will continue to cause Nuance great and irreparable injury to among other things, the good will and business reputation of Nuance and its business relationships, all of which cannot be adequately compensated or measured in money. Nuance has no adequate remedy at law. Nuance is entitled to injunctive relief enjoining and restraining SoftMed, its officers, agents, servants, and employees, and all persons acting in concert with SoftMed from further infringement of the '627 Patent.

11. On information and belief, Nuance avers that SoftMed's infringement of the '627 Patent is, has been and continues to be committed with full knowledge of Nuance's rights under the '627 Patent, and in willful, wanton and deliberate disregard thereof, rendering this an exceptional case under 35 U.S.C. § 285.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the '905 Patent)**

12. Nuance is the owner of record of United States Patent No. 5,513,905 ("the '905 Patent") entitled "Priority Voice Message Delivery System" with full rights in and to the claims and causes of action involved in this suit. The United States Patent and Trademark Office duly and legally issued the '905 Patent on October 6, 1992. Exhibit B to this complaint is a true and correct copy of the '905 Patent.

13. SoftMed has been and is infringing the '905 Patent by making, using, selling and/or offering for sale in the United States, and by contributing to and/or inducing others to make, use, sell and/or offer for sale in the United States, without license from Nuance, products

or services that practice the invention claimed in the '905 Patent. These products or services include, *inter alia*, systems for handling voice messages.

14.     Nuance is informed and believes, and based thereon avers, that SoftMed will continue to infringe, contribute to and/or induce others to infringe, the '905 Patent unless enjoined by this Court.

15.     As a direct and proximate result of Defendant's infringement of the '905 Patent, Nuance has been and continues to be damaged in an amount yet to be determined.

16.     By reason of the above acts, SoftMed has caused and is causing, and unless enjoined and restrained by this Court, will continue to cause Nuance great and irreparable injury to among other things, the good will and business reputation of Nuance and its business relationships, all of which cannot be adequately compensated or measured in money. Nuance has no adequate remedy at law. Nuance is entitled to injunctive relief enjoining and restraining SoftMed, its officers, agents, servants, and employees, and all persons acting in concert with SoftMed from further infringement of the '905 Patent.

17.     On information and belief, Nuance avers that SoftMed's infringement of the '905 Patent is, has been and continues to be committed with full knowledge of Nuance's rights under the '905 Patent, and in willful, wanton and deliberate disregard thereof, rendering this an exceptional case under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Nuance prays for judgment against SoftMed as follows:

(1) Preliminarily and permanently enjoining SoftMed, its officers, agents, servants, and employees, and all persons acting in concert with SoftMed, from infringing and contributing to and/or inducing others to infringe U.S. Patent Nos. 5,179,627 and 5,513,905;

(2) Awarding Nuance damages based on SoftMed's infringement of U.S. Patent Nos. 5,179,627 and 5,513,905, in an amount according to proof, and trebling same by reason of the willful, wanton and deliberate nature of such infringement;

(3) Assessing prejudgment interest on damages;

(4) Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Nuance its attorney's fees and costs in this action; and

(5) Awarding such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Nuance Communications, Inc. hereby demands trial by jury of all issues so triable under the law.

Dated: November 3, 2006

Respectfully submitted,

Lance Lee (No. 24004762)
**YOUNG PICKETT & LEE**
4122 Texas Boulevard
P.O. Box 1897
Texarkana, TX 75504
Telephone: (903) 794-1303
Facsimile: (903) 794-5098

- 6 -

                     Attorneys for Plaintiff Nuance Communications, Inc.

OF COUNSEL:
Dale M. Cendali (1969070)
**O'MELVENY & MYERS LLP**
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Mark C. Scarsi (S.B. #183926)
David W. Ono (S.B. #221312)
Jennifer Glad (S.B. #239386)
**O'MELVENY & MYERS LLP**
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407